OTTE, Respondent, vs. McLEAN, Appellant.

*November 3 — November 23, 1886.*

*Pleading: Variance: Costs.*

1. Where the complaint alleged that a balance was due the plaintiff for work and labor performed, and the proof showed that fact and further that it was agreed that the defendant should retain such balance, but should pay it to the plaintiff upon demand with interest, *held* that there was no variance.

2. In an action upon contract, brought in the circuit court, where the case was within the jurisdiction of a justice and the complaint was not verified, if the amount recovered is less than $200, the costs recovered cannot exceed $15.

APPEAL from the County Court of *Fond du Lac* County.

The action was commenced April 4, 1885. As a first cause of action the complaint alleges that the defendant hired the plaintiff to work for him for one year ending September 7, 1884, for the sum of $200; that the plaintiff worked for said term, but that the defendant refused to pay him the agreed compensation or any part thereof except the sum of $96; and that there remained due on September 7, 1884, the sum of $104, which the defendant still refuses to pay.

As a second and separate cause of action it is alleged that on or about September 7, 1884, the defendant hired the plaintiff to work for him for $18.75 per month; that under such agreement the plaintiff worked five and one half months, when the defendant discharged him and refused to pay him the wages then due for said time, being the sum of $103.12.

Judgment is demanded for $104, with interest from September 7, 1884, and for $103.12, with interest from April 1, 1885. The complaint was not verified.

As to the first cause of action the answer admits the hiring, and that on September 7, 1884, there was a balance

due the plaintiff of $104.92, but alleges that it was then agreed that the defendant should retain said balance and that the plaintiff should loan it to him for one year, the defendant agreeing to pay interest thereon at the rate of six per cent.

As to the second cause of action, the answer, besides denials, alleges, by way of counterclaim, that the defendant hired the plaintiff for the term of one year from September 7, 1884, for the agreed compensation of $225 for said year; that without cause the plaintiff quitted the service of the defendant about February 24, 1885; that by reason of such breach of the contract by the plaintiff there is nothing due to him thereon; and that the defendant suffered damage by reason of such breach in the sum of $125.

As a further counterclaim to both causes of action, the answer alleges that the plaintiff is indebted to the defendant on book account in the sum of $61.90, for goods sold and delivered to the plaintiff. Judgment is demanded on the counterclaims for $186.90.

On the trial the plaintiff admitted the correctness of the counterclaim for $61.90 for goods sold and delivered to him. Other evidence given on the trial will sufficiently appear from the opinion.

Motions for a nonsuit generally, and specifically as to each cause of action, were made at the close of the plaintiff's testimony and were severally denied.

The jury returned a special verdict as follows: " (1) Did the plaintiff, on or about September 7, 1884, loan to the defendant $104.92, for the term of one year? *Ans.* No. (2) Did the plaintiff have reasonable cause to quit the defendant's employment on or about February 24, 1885? *A.* Yes. (3) Did the plaintiff leave the defendant's employment, on or about February 24, 1885, with the consent of the defendant? *A.* No. (4) If you answer either of the last two questions in the negative, then was the defendant

damaged by reason of plaintiff's leaving his˙employment; and, if damaged, how many dollars and cents? *A.* No damage was sustained by the defendant."

Judgment was entered in favor of the plaintiff for $151.80, and for his costs and disbursements taxed at $84.34. The costs proper, exclusive of disbursements, were taxed by the clerk at $42.87, and on appeal by the defendant such taxation was affirmed by the county court.

From the judgment in favor of the plaintiff and from the· order affirming the taxation of costs the defendant appealed.

*H. J. Gerpheide* and *Maurice McKenna*, for the appellant, contended, *inter alia*, that a nonsuit should have been granted as to the first cause of action. This was for work and labor, and the proof showed that if anything was due it was for money loaned. Proofs must correspond to pleadings, and recovery is not sustainable on grounds not set out. *Warren v. Bean*, 6 Wis. 120; *Eilert v. Oshkosh*, 14 id. 586 This is not an action coming within subd. 6, sec. 2918, R. S., as amended by ch. 52, Laws of 1881, but one in which a justice had jurisdiction, as admitted by the plaintiff himself on the trial, when he acknowledged the correctness of the counterclaim and stated that the balance due him was $147.12. It comes under subd. 7, sec. 2918, R. S., and the complaint should have been verified. It not having been verified, the plaintiff is not entitled to costs. *Kreuger v. Zirbel*, 2 Wis. 233; *Dunning v. Faulkner*, 10 id. 394. In any event costs should not be taxed in this action exceeding $15. Sec. 2921, R. S.; *Cord v. Southwell*, 15 Wis. 211.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *Mr. McCrory.* They argued, *inter alia*, that the action does not come within subd. 7, sec. 2918, R. S. The amount sued for exceeded the jurisdiction of a justice. Subd. 1, sec. 3572, R. S.; *Van Patten v. Wilcox*, 32 Wis. 340. Even though a justice had jurisdic-

tion, the amount recovered was $153, and under subd. 6, sec. 2918, R. S., the plaintiff would be entitled to costs.

ORTON, J. The first count of the complaint is for work and labor for one year, and for balance due of $104. As to this count the evidence tended to show that the defendant promised to pay this balance on demand, at six per cent. interest. In respect to this demand several objections and assignments of error are based upon the claim of the learned counsel of the defendant and appellant that it was for money loaned and not for work and labor. It was clearly a balance due for work and labor, and time given for payment. The promise was verbal, and, if not founded upon the consideration stated, it would be void. It was clearly proper to charge the work and labor as the consideration of the promise to pay the balance due thereon on demand, with interest. There was certainly no variance.

The second count is for work and labor for five and a half months at $18.75 per month. The evidence tended to show that the plaintiff hired out to the defendant for one year for $18.75 per month, or $225 per year, and that the plaintiff worked the time stated, and then left the service of the defendant on the ground and for the reason that he was abused and insulted continuously by the wife and family of the defendant, with his knowledge, which treatment in the household was unendurable. The testimony of the plaintiff was that, when he informed the defendant that he should quit his employment for that reason, the defendant said "he wouldn't have me,"— said "he had another man;" and the evidence tended strongly to show that he left the employment of the defendant with his consent. But the jury found that it was not with his consent, but that he left for reasonable cause, and that the defendant sustained no damage by reason thereof. It was certainly incumbent upon the defendant to see that the plaintiff was reasonably well treated as a mem-

ber of his family.    We think the verdict is sustained by the evidence.

The errors complained of do not seem to have affected the substantial justice of the case, and should therefore be disregarded.    We therefore affirm the judgment on its merits.    It must be reversed, however, as to the costs.    The case was within the jurisdiction of a justice, and the complaint was not verified.    As we construe subd. 6, sec. 2918, R. S., as amended by ch. 52, Laws of 1881, and subd. 7, sec. 2918, and sec. 2921, R. S., in such a case, the costs cannot be taxed at more than $15.

*By the Court.*— The judgment of the county court on the merits of the cause is affirmed, and the judgment as to costs is reversed, and the cause remanded with direction to so adjust the costs.    No costs will be recovered in this court, except the appellant will pay the clerk's costs.